```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
```

```
JONAS JONES,                    )
    Plaintiff,                  )
                                )
v.                              )    CIVIL ACTION NO.
                                )    10-11687-DPW
                                )
PETER PEPE-Superintendent       )
MCI-Concord-prison, NELSON,     )
Correctional Officer            )
MCI-Concord-prison,             )
Phil Horton, Correctional       )
Officer MCI-Concord-prison,     )
Keith Abare-Correctional        )
Officer MCI-Concord-prison,     )
ALBERT HUNT-Inmate 52A          )
pre-trial Detainee,             )
Department of Health Service    )
-Umass-Division MCI-Concord-    )
prison, SHIRLEY (Nurse)         )
MCI-Concord-prison              )
    Defendants.                 )
```

MEMORANDUM AND ORDER
March 27, 2012

The prisoner plaintiff in this pro se civil rights action alleges that he was denied safety and appropriate medical care while in custody as a pre-trial detainee. He has sued several correctional personnel, medical providers and a fellow inmate who is alleged to have assaulted him. The correctional personnel and the medical provider entity have filed motions to dismiss. I will allow those and related motions and will *sua sponte* dismiss other defendants, thereby putting the matter in the proper framework to permit resolution on the merits or as a matter of

qualified immunity for the individual claims against the two defendants who will remain in the case.

## I.

To the degree that the correctional personnel are being sued in their official capacities, the claims are barred because the Eleventh Amendment to the United States Constitution does not authorize money damage suits in federal court against a state, its entities or individual defendants who are alleged to be acting in an official capacity on behalf of the state. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). No such claims may proceed in this case.

The complaint identifies the defendant Pepe, who was the Superintendent at MCI Concord during the relevant time period, as a party, but no further detail is provided. It is plain from plaintiff's response that he seeks to invoke some form of supervisory liability on Pepe. *Respondeat superior* liability is not available and there is no other basis in the complaint to find some personal involvement by Pepe sufficient to support his liability as an individual. *Gaudreault v. Salem*, 928 F.2d 203, 209 (1st Cir. 2003). The claims against him will be dismissed.

The complaint alleges that the defendant Nelson failed to investigate a "preventable act", specifically the assault on the plaintiff by defendant Hunt. There is no basis in the complaint for finding Nelson was previously aware of any physical danger

posed by Hunt to the plaintiff or, more importantly, that he was in a position to prevent the alleged assault.  The complaint fails to state a claim as to Nelson.[1]  The claims against him will be dismissed.

## II.

As to the medical provider entity, I continue to be of the view that the University of Massachusetts Correctional Health (identified in the complaint as "Department of Health Services-UMass Division MCI-Concord-prison" is an arm of the state as to which the Eleventh Amendment erects a bar against suit in federal court.  *Cutts v. Dennehy,* 2010 WL 1344977 (D. Mass. 2010).  The claims against the medical provider must be dismissed.

## III.

A.  The summons for the defendant identified as "Shirley (Nurse) MCI-Concord-prison" understandably remains unexecuted given the lack of adequate identifying information.  I will, in any event, exercising my authority under 28 U.S.C. § 1915 &

---

[1] By contrast, the remaining correctional defendants Horton and Abare, who were alleged to have been aware that the Plaintiff and Hunt "were not getting along as cell mates, being close to physical confrontation almost every day," do not seek dismissal regarding the individual claims against them as a matter of pleading as opposed to immunity.  The facts as to immunity must be further developed.  I will, however, deny Plaintiff's requests for default judgment (Dkt. Nos. 37 and 38) against Horton and Abare because they were not obligated to file an answer until motion to dismiss practice in which they participated was completed.  I will similarly deny the Motion (Dkt. No. 42) for Default against the medical provider defendant.

1915A, dismiss the defendant Shirley (Nurse) because the complaint does not allege facts sufficiently serious to support a claim of individual liability as to her.

    B.   The summons for the defendant inmate Hunt also remains unexecuted.  Again, exercising my authority under 28 U.S.C. §§ 1915 & 1915A, I will dismiss the claim against defendant Hunt. The claim against him arises under state assault and battery law. I decline, under 28 U.S.C. § 1367(c)(2), to exercise supplemental jurisdiction over the state claim against Hunt because it is apparent that pursuit of that non-diverse claim in this federal litigation will have the predominant effect of delay in this matter by making procedurally and logistically complex the just, speedy and inexpensive resolution of the federal claims remaining against defendants Abare and Horton.  The dismissal of the claim against Defendant Hunt is, of course, without prejudice to its pursuit in state court.

**IV.**

For these reasons, having considered the material provided in Plaintiff's "Motion to Amend the original Complaint and Support Documents and Exhibits" (Dkt. No. 36) which I grant, I grant the motion (Dkt. No. 34) to dismiss of the DOC defendants to the extent of dismissing all claims against defendants Pepe and Nelson and limiting the claims against defendants Abare and Horton to actions in their individual and not their official

capacities; I grant the Motion (Dkt. No. 29) of the misnamed "Department of Health Service UMass Division" and I direct dismissal of the claims against defendants Shirley (Nurse) and inmate Hunt.

With the departure from this litigation of the defendants entitled to dismissal, this case is now in a position to proceed on the Complaint as to the defendants Abare and Horton. The defendants Abare and Horton shall answer the complaint on or before April 10, 2012 and shall file with their answer a proposed scheduling order to bring this case to final judgment.

*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE